# IN THE COURT OF APPEALS OF IOWA

No. 19-1679
Filed December 18, 2019

**IN THE INTEREST OF J.C.,**
**Minor Child,**

**K.B., Mother,**
      Appellant.
_____

      Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, District Associate Judge.


      A mother appeals the termination of parental rights to her child.
**AFFIRMED.**

      Kristin L. Denniger, Cedar Rapids, for appellant mother.

      Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

      Julie F. Trachta of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor child.

      Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

A mother appeals the termination of parental rights to her child.[1] She argues the State did not prove the grounds for termination by clear and convincing evidence. She also argues termination is not in the child's best interest. We review these claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The Iowa Department of Human Services became involved with this family in October 2016 when J.C. was born drug-affected. This is not the first time children have been removed from the mother's care. The mother has three older sons who each live with their respective fathers. The mother has a long history of substance use, including alcohol, methamphetamine, and prescription drugs. She also struggles with mental-health issues.

The juvenile court removed the child from the mother's care upon his discharge from the hospital. Efforts made to preserve the family were ultimately unsuccessful. The mother went through many forms of treatment for her substance use, both before and after the child's birth. Although she made progress, the mother continued to relapse, using methamphetamine, alcohol, and Xanax.

The mother argues the State failed to prove the grounds for termination under Iowa Code section 232.116(1)(h) (2019). To terminate parental rights under this section, the State must prove the following by clear and convincing evidence:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

---

[1] The father died during the pendency of the child-in-need-of-assistance (CINA) case.

          (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

          (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).  The mother does not challenge the first three requirements but argues the State failed to show the child could not be returned to her custody at the time of the termination hearing.  *See* Iowa Code § 232.116(1)(h)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing").  "[A] child cannot be returned to the custody of the child's parent under section 232.102 if by doing so the child would be exposed to any harm amounting to a new [CINA] adjudication."  *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (first alteration in original) (citation omitted).

Clear and convincing evidence shows that placing the child in the mother's custody at the time of the termination hearing would expose the child to harm amounting to a new CINA adjudication.  The issues leading to the original CINA adjudication continued throughout the proceedings.  Although the mother abstained from drug use for periods, she kept using alcohol.  She began abusing prescription drugs in January 2019.  After treatment for her prescription drug use, the mother again used alcohol.  She then tested positive for methamphetamine.  Her efforts to explain her positive results are not credible, and she cannot address her substance abuse while continuing to deny it.  Even though the mother stated she was willing to do the work necessary to address her issues by going through

treatment, she was in no better position to care for J.C. at the time of the termination hearing than she was at the CINA adjudication.

The mother also challenges the court's finding termination is in the child's best interest. The primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Upon a de novo review of the evidence, we agree termination is in the child's best interests. J.C.'s medical needs require special attention, and failure to attend to these needs continually places the child's health in danger. The mother cannot provide the safety and permanency J.C. needs because of her ongoing substance use, which prevents her from providing J.C. the level of care he needs. So we affirm the termination of the mother's parental rights.

**AFFIRMED.**